**868**

María Sabá Lugo y Lugo, promovente y apelante, Ex parte; Rosalía Ortiz y Nilda Virginia Rodríguez Ortiz, opositoras y apeladas.

Núm. 9008.—*Sometido:* Noviembre 28, 1944. *Resuelto:* Abril 25, 1945.

*Raúl Matos,* abogado de la apelante; *Erasto Arjona Siaca,* abogado de las opositoras y apeladas.

Opinión del Juez Asociado Señor Todd, Jr., con la cual concurre el Juez Presidente Señor Travieso.

En el caso de *Sosa Millán, et al.* v. *Sosa, et al.,* pág. 769, ante, quedó confirmada la sentencia dictada por la Corte de Distrito de San Juan por el hecho de estar dividida por igual la opinión de los cuatro jueces de este tribunal. En la opinión emitida por el juez que suscribe, con la cual concurrió el Juez Presidente, Sr. Travieso, se llegó a la conclusión de que el hijo adoptivo sólo tiene derechos hereditarios en la sucesión intestada del adoptante en el sitio que le corresponde sin perjudicar los derechos hereditarios de los he-

rederos legítimos que a su vez tienen el concepto de forzosos, es decir, los hijos y descendientes legítimos, los ascendientes, los hijos naturales reconocidos del adoptante y respetándose asimismo la cuota usufructuaria del cónyuge viudo.

El caso de autos es uno que concierne a la sucesión *intestada* de Enrique Alfonso Gordils y Lugo compuesta de su madre y su viuda habiendo dejado además una hija adoptiva. La madre solicitó de la corte inferior que las declarara a ella y a la viuda como únicas y universales herederas del causante. Se opusieron la viuda y la hija adoptiva y la corte, desestimando la petición de la madre declaró herederas a la madre, a la hija adoptiva y a la viuda "ésta en cuanto a la cuota usufructuaria que le señala la ley, o sea una tercera parte de la herencia relicta, que se sacará de la mitad libre. A la ascendiente, madre del finado, corresponderá por su legítima la mitad de la herencia.

"En cuanto a la hija adoptiva, ella recibirá la porción libre que resta del caudal después de asignar como lo hemos hecho, las cuotas de la viuda y la madre respectivamente, y en ella tendrá la hija adoptiva dos terceras partes, desde luego, y la restante tercera parte en nuda propiedad mientras la cónyuge supérstite goce el usufructo que le hemos señalado . . .".

No siendo, en nuestro concepto, el hijo adoptivo un heredero forzoso en la sucesión testada tampoco lo es en la intestada.[1] Es por esto que interpretando el alcance del artículo 133 del Código Civil hemos colocado al hijo adoptivo en la sucesión intestada después de aquellos herederos legítimos que tienen el carácter de forzosos que es la única

---

[1] El heredero forzoso siempre es un heredero legítimo pero no todos los herederos legítimos tienen la condición de forzosos. "Los herederos forzosos se llaman también legitimarios," 6 Manresa 230, y a la pág. 241: "La legítima, *como la sucesión intestada*, tiene su origen en la ley," y más adelante: ". . . los legitimarios son llamados a la herencia exclusivamente por la ley, aun contra la voluntad del testador, por lo que evidentemente las reglas para suceder en la legítima han de ser las mismas que rigen en la llamada sucesión legítima o abintestato." (Bastardillas nuestras.)

forma en que podría asignársele alguna parte de la herencia sin perjudicar los derechos de aquéllos. La sucesión intestada no está dominada por la voluntad del adoptante expresada en testamento y por tanto tiene que ajustarse al mandato del Código que señala quiénes deben heredar, su orden y la porción de la herencia que les corresponde. Cuando en la sucesión intestada no existen hijos del causante heredan los ascendientes, pues el artículo 898 del Código Civil dispone que "A falta de hijos legítimos o ilegítimos reconocidos y sus descendientes, heredarán al difunto sus ascendientes con exclusión de los colaterales."[2] Este artículo hay que aplicarlo teniendo en cuenta lo dispuesto en el artículo 763 al efecto de que "No dejando el testador descendientes, pero sí ascendientes, el cónyuge sobreviviente tendrá derecho a la tercera parte de la herencia en usufructo" pues de acuerdo con el artículo 761 sus disposiciones "serán aplicables del propio modo a la sucesión intestada que a la sucesión testamentaria."

Tenemos, por lo tanto, que por mandato expreso de la ley, la madre del causante en el caso de autos, no existiendo hijos legítimos, tiene derecho a ser declarada heredera de sus

---

[2] Aun cuando no está envuelta en este caso pues no concurren en esta sucesión hijos legítimos reconocidos, nos parece oportuno señalar el comentario que a este artículo hace el Sr. Muñoz Morales en su Anotaciones al Código Civil de Puerto Rico a la pág. 340 cuando dice:

"Empezando por el artículo 898, copia exacta del 909 del Código Revisado, que sustituyó al 935 del Español, y que concuerda con el 894 de la sección anterior, vemos su declaración de que los ascendientes suceden al difunto, a falta de los hijos legítimos o ilegítimos reconocidos y sus descendientes: esto es, que los hijos ilegítimos, junto con los legítimos, están en primer orden, anterior al de los ascendientes, y excluyendo a los colaterales.

"Tal conclusión podía sostenerse mientras estaba vigente el artículo 913 del Código de 1902; pero ya desde la enmienda de 1905 *empieza la duda,* cuando fué reformado el artículo 795 (hoy 736) restableciendo en la sucesión testada el orden de los hijos naturales después de los ascendientes legítimos en la clasificación de herederos forzosos; y cuando la Sección 15 de la misma ley de 1905 restableciendo el artículo 841 del Código Español (hoy 768 de P. R.) fija el derecho de los hijos naturales reconocidos en concurrencia con los ascendientes legítimos, asignándoles una cuota que habrá de detraerse de la parte de libre disposición.

bienes asignándosele, desde luego, al cónyuge viudo la tercera parte de ellos en usufructo. Siendo esto así no tiene derecho la hija adoptiva a ser declarada heredera abintestato del adoptante.

*Debe revocarse la sentencia dictada por la corte inferior y en su lugar dictarse otra declarando a la apelante María Sabá Lugo y Lugo, madre del causante, y a Rosalía Ortiz, su viuda, únicas herederas de Enrique Alfonso Gordils y Lugo, de acuerdo con los términos de esta opinión, con costas sin que éstas incluyan honorarios de abogado.*

Los Jueces Asociados Sres. De Jesús y Snyder están conformes con el resultado por motivos que expresarán en opinión concurrente.

Opinión concurrente del JUEZ ASOCIADO SR. DE JESÚS, con la cual concurre el JUEZ ASOCIADO SR. SNYDER.

''Pero *la duda se disipa* cuando la ley de 1911 en su sección 3a. deroga expresamente el artículo 913 del Código de 1902 y en su lugar restablece en esta sección segunda, y en la sucesión intestada, la doctrina de los artículos 939 a 945 del Código Español, hoy contenidos en el artículo *902*, especialmente el apartado 4o., en relación con el artículo 768 de nuestro vigente Código.

''En vista de esas enmiendas, y comparando con los artículos 768 y 902 de este mismo Código, resulta palmaria la contradicción y no es posible sostener hoy el texto del artículo *898*, en cuanto declara que los hijos ilegítimos reconocidos heredan con preferencia a los ascendientes legítimos, quedando éstos en segundo orden con respecto a aquéllos.

''Y ahora veamos esa contradicción: este artículo 898 dice, en síntesis, que 'cuando existen hijos ilegítimos reconocidos y sus descendientes, no heredarán los ascendientes'. En cambio el artículo 902 en su apartado 4o. dice que 'cuando los hijos naturales reconocidos concurran con descendientes o ascendientes legítimos, sólo percibirán de la herencia la porción que fijan los artículos 767 y 768'.

''Conteniendo el artículo 902 una enmienda de *fecha posterior* a la que contiene el 898, *es evidente la derogación de este último en la parte en que aparece el conflicto;* y en consecuencia hay que sostener que implícitamente ha quedado subsistente la doctrina del artículo 935 del Código Español y que esa fué la intención del legislador puertorriqueño al decretar la ley de 9 de marzo de 1911.'' (Bastardillas nuestras.)

■ La cuestión a resolver en este recurso es si una hija adoptiva tiene derecho a participar en la herencia intestada de su padre adoptivo cuando concurre con la madre y la viuda del adoptante.

En el caso de *Sosa et al.* v. *Sosa et al.*, ante, pág. 769, los jueces de este tribunal estuvimos igualmente divididos en cuanto a si los hijos adoptivos en concurrencia con hijos naturales solamente, tienen participación en la herencia testada de su padre adoptante. En la opinión emitida por el Juez Asociado Sr. Todd, Jr., en la cual concurrió el Juez Presidente Sr. Travieso, se sostuvo que el hijo adoptivo no es heredero forzoso del adoptante, y consecuentemente no tiene derecho a participar en la herencia testada de éste cuando no lo instituye heredero. En la opinión emitida por el Juez Asociado Sr. Snyder, en la cual concurrí, se llegó a la conclusión de que el hijo adoptivo tiene los derechos y deberes de un hijo legítimo en la familia del adoptante, y siendo un derecho del hijo legítimo participar en la herencia de sus padres, se sostuvo que el hijo adoptivo es un heredero forzoso, sujeto desde luego a la condición impuesta por el artículo 132 del Código Civil (ed. 1930), al efecto de que "La adopción no perjudicará en ningún caso los derechos que correspondan a los herederos forzosos, y que subsistirán *como si la adopción no se hubiese verificado.*" (Bastardillas nuestras.)

En el presente caso el Juez Asociado Sr. Todd, Jr., emitió una opinión, en la que concurre el Juez Presidente Sr. Travieso, y consistente con lo que sostuvo en el caso de *Sosa et al.* v. *Sosa et al.*, supra, concluye que no siendo el hijo adoptivo un heredero forzoso no tiene derecho a participar en la herencia intestada de su padre adoptivo en concurrencia con la madre y la viuda del adoptante.

Aunque estoy conforme con el resultado de la opinión emitida por el Juez Asociado Sr. Todd, Jr., no lo estoy con sus fundamentos, sencillamente porque entiendo que el hijo adoptivo en nuestro derecho es un heredero forzoso *sui generis,* toda vez que en ningún caso puede perjudicar los derechos de los otros herederos forzosos del adoptante. No repetiré aquí los argumentos que expuso el Juez Asociado Sr. Snyder en su opinión en el caso de *Sosa et al.* v. *Sosa et al.,* supra, para demostrar el concepto de heredero forzoso del adoptante de que goza el hijo adoptivo. Tomo como punto de partida el principio de que el hijo adoptivo es un heredero forzoso, pero teniendo en cuenta en todo momento el precepto del art. 132, con arreglo al cual la adopción no perjudicará los derechos de los herederos forzosos del adoptante, derechos que subsistirán como si la adopción no se hubiere verificado. Por consiguiente, para determinar cuáles son los derechos de los herederos forzosos que no pueden perjudicarse por la adopción, vamos a suponer que la adopción no se ha verificado.

Conforme prescribe el artículo 884 del Código Civil, tratando de la herencia intestada, el pariente más próximo en grado excluye al más remoto, salvo el derecho de representación, y los parientes que se hallaren en el mismo grado heredarán por partes iguales, salvo lo dispuesto sobre el doble vínculo. Comentando Manresa el artículo 921 del Código Civil español, idéntico al 884 del nuestro, dice:

"La Ley llama a los parientes a la herencia, distribuyéndolos en ciertas clases y señalándoles determinado orden de preferencia para suceder. Estos órdenes son: 1°., el de los descendientes; 2°., el de los ascendientes; 3°., el de los colaterales, subdividido éste en dos: a) hermanos e hijos de hermanos; b) los demás colaterales dentro del sexto grado. En el sistema de la ley, los parientes pertenecientes al primer orden excluyen a los del segundo, y los del segundo a los del tercero; así, los ascendientes sólo son llamados a la herencia a falta de descendientes; los colaterales sólo a falta de ascendientes y de descendientes; los tíos y primos sólo a falta de hermanos e hijos de hermanos.

"El orden es, pues, preferente al grado y sólo con relación a cada orden ha de admitirse la primera regla general del artículo 921." Comentarios al Código Civil Español (quinta edición, 1924), tomo VII, pág. 49.

No habiendo el finado dejado descendientes legítimos ni hijos naturales reconocidos, ni otro ascendiente que su madre, correspondería a ésta la totalidad de la herencia, Código Civil, artículo 898, luego de separada la cuota usufructuaria que concede la ley al cónyuge viudo,[1] cuota que en este caso asciende a la tercera parte de la herencia en usufructo, con arreglo al artículo 763, conservando la madre la nuda propiedad sobre dicha porción. Siendo esa la distribución que legalmente procedería si en este caso no existiera la hija adoptiva, y disponiendo expresamente el artículo 132 que "La adopción no perjudicará en ningún caso los derechos que correspondan a los herederos forzosos [que en la herencia intestada resultan ser los mismos parientes que se mencionan en el artículo 736 del Código Civil[2]], y que subsistirán como si la adopción no se hubiere verificado," es inescapable la conclusión de que ninguna participación puede tener en la herencia la hija adoptiva porque lo que se le concediera, perjudicaría los derechos legitimarios de la ma-

---

[1] La cuota usufructuaria del cónyuge viudo varía en cada caso, según los herederos con quienes concurra. Artículos 761 al 766. Estos seis artículos se hallan bajo el Libro Tercero del Código Civil, Título III, Capítulo II, que trata de la herencia testada; pero el artículo 761, según fué enmendado por la Ley núm. 73 de 9 de marzo de 1911 (pág. 247), expresamente prescribió que las disposiciones del citado artículo y las de los siguientes, 762 al 766, referentes todos a los derechos del cónyuge viudo, serán aplicables del propio modo tanto a la sucesión testamentaria como a la intestada.

[2] El artículo 736 prescribe:

"Son herederos forzosos:

"1. Los hijos y descendientes legítimos respecto de sus padres y ascendientes legítimos;

"2. A falta de los anteriores, los padres y ascendientes legítimos respecto do sus hijos y descendientes legítimos.

"3. El viudo o viuda, los hijos naturales legalmente reconocidos y el padre o madre de éstos, en la forma y medida que establecen los artículos 761, 762, 763, 764, 767, 768, 769, 770, 771 y 772, de este código."

dre o de la viuda, según se sacase la parte que se concediese a la hija adoptiva de la legítima correspondiente a una u otra heredera.[3]

En el año 1910 en el caso de *Julbe* v. *Guzmán*, 16 D.P.R. 530, este tribunal se confrontó con una situación análoga a la de este caso, en relación con los derechos del cónyuge viudo en la herencia intestada antes de la enmienda de que fueron objeto los artículos 761 al 766 por la ley de 1911. La situación era la siguiente:

El 30 de octubre de 1906 Victoria López Julbe falleció ab intestato en Humacao sin dejar descendientes. El 3 de diciembre de 1908 Dolores Julbe, madre de la difunta, solicitó de la Corte de Distrito de Humacao que la declarase única y universal heredera de su hija. El cónyuge viudo, Julio D. Guzmán, solicitó y obtuvo permiso para intervenir, pidiendo que se le declarase heredero de su esposa en la cuota usufructuaria que en relación con la herencia testada reconocía al cónyuge viudo la ley de 9 de marzo de 1905. La corte de distrito dictó sentencia declarando a la madre y al viudo, este último en la cuota usufructuaria, únicos y universales herederos de la finada. Apeló la madre alegando que no existía precepto legal alguno que concediese usufructo al cónyuge viudo en la sucesión intestada cuando concurría con ascendientes del cónyuge premuerto. La Ley de 1905 sólo reconocía cuota usufructuaria en la sucesión intestada al cónyuge viudo cuando concurría con hermanos o hijos de hermanos del cónyuge premuerto. Al igual que el Código Civil español, aquella Ley guardaba silencio sobre el derecho del cónyuge viudo en los demás casos en la herencia intestada. Empero, el art. 795 del Código Civil revisado, entonces vigente, incluía al cónyuge viudo entre los herederos forzosos. Tres de los jueces de este Tribunal sostuvieron

---

[3] No se nos entienda que los colaterales o El Pueblo de Puerto Rico puedan perjudicar los derechos del hijo adoptivo, porque ni unos ni otro tienen el concepto de herederos forzosos de conformidad con el artículo 736, y por consiguiente el hijo adoptivo los puede perjudicar.

que como la Ley nada proveía acerca de la cuota usufructuaria para el caso de concurrir el cónyuge viudo con ascendientes del finado, la herencia toda pasaba a la madre, y se revocó la sentencia apelada. La minoría del Tribunal, compuesta por los Jueces Presidente Sr. Hernández y Asociado Sr. Figueras, fué de opinión—invocando la práctica generalmente observada que había sido reconocida por la Dirección General de los Registros de España en resolución de 14 de junio de 1897—que como el cónyuge viudo era un heredero forzoso, debía entenderse que en la sucesión intestada le correspondía la misma cuota usufructuaria que le hubiere correspondido si hubiere existido testamento.

En el presente caso, aunque quisiéramos no podríamos aplicar por analogía el principio enunciado en la opinión disidente de los Jueces Presidente Sr. Hernández y Asociado Sr. Figueras, pues el caso de *Julbe* v. *Guzmán,* supra, es fácilmente distinguible del que nos ocupa. El cónyuge viudo era entonces, como es ahora, un heredero forzoso sin condición alguna, mientras que el hijo adoptivo, si bien de conformidad con la opinión del Juez Asociado Sr. Snyder en el caso de *Sosa et al.* v. *Sosa et al.,* supra, es un heredero forzoso, lo es sujeto a la condición impuéstale por el art. 132, al efecto de que en ningún caso la adopción perjudicará los derechos de los herederos forzosos, derechos que "subsistirán como si la adopción no se hubiese verificado."

En la discusión que hemos tenido de este caso se ha argüido que el concepto de heredero forzoso sólo puede existir en la herencia testada, y que siendo la condición impuesta por el artículo 132 del Código Civil al efecto de que la adopción no perjudica en ningún caso los derechos de los herederos forzosos, dicha condición no es aplicable a la herencia intestada, donde no hay herederos forzosos. No nos dejemos confundir por las palabras. Busquemos la sustancia y la intención legislativa. La frase "herederos forzosos" que aparece en el art. 132 es un término descriptivo de los pa-

rientes más allegados al adoptante, las personas que con testamento o sin él vienen a ser los dueños de la herencia, teniendo en cuenta desde luego el orden de suceder. Los herederos forzosos son los parientes que tanto en el derecho romano como en la Ley de Partidas se les denominaba *suyos*. En la Partida Sexta, Título III, Ley XXI, se dice:

"Et suyos son llamados aquellos que son fijos, ó nietos ó viznietos del facedor del testamento . . . et llamaron los sabios antiguos á tales herederos como estos suyos, porque son como una persona et una cosa con el testador, et aun demas dixieron que son como señores de la herencia . . . porque han su vida et todo lo que les es menester de los bienes también como los padres ó los abuelos; et otrosi porque á la su fin non los pueden desheredar sin cierta et derecha razón."[4]

El estado de confusión en que se halla nuestra ley con respecto a la adopción da por resultado que si el padre adoptante otorga testamento, no puede impedir que el hijo adoptivo participe en su herencia, sin perjudicar desde luego los derechos de los otros herederos forzosos, pero puede sin embargo perjudicar al hijo adoptivo simplemente dejando de otorgar testamento. No podemos impedir ese resultado, en vista de las diferentes disposiciones del Código Civil relativas a la sucesión testada y a la intestada. Esta anómala situación exige urgente subsanación, pero el remedio está exclusivamente en las manos de la Asamblea Legislativa.

Es por las razones expuestas que estoy conforme con el resultado a que se llega en la opinión suscrita por el Juez Asociado Sr. Todd, Jr., con la cual concurre el Juez Presidente Sr. Travieso.

---

[4] Admitimos que hay varias teorías con respecto al fundamento de la sucesión intestada, pero sea cual fuere el fundamento, el resultado es siempre el mismo, toda vez que los llamados herederos forzosos son los parientes que en la herencia intestada, aunque no con ese nombre y sí con el de legitimarios o herederos legítimos, heredan al finado con preferencia a los colaterales. Véase la discusión sobre esta materia en las Instituciones de Derecho Civil Español de F. Clemente de Diego, tomo 3, pág. 272 *et seq.*